IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ESTATE OF A.K.W.N. and
TINA MARIE ARZT,
                                                                OPINION and ORDER
              Plaintiffs,
                                                                12-cv-871-bbc
       v.

WOOD COUNTY DEPARTMENT OF HUMAN  SERVICES,
JENNY DELO, KELLY BRAGG, CRAIG RASMUSSEN and
WISCONSIN COUNTY MUTUAL INSURANCE CORP.,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In October 2011, sixteen-year-old A.K.W.N. committed suicide by hanging himself in the garage of his mother, plaintiff Tina Marie Arzt, shortly after running away from a court hearing in which he had been placed in foster care.  In this lawsuit brought under state and federal law, plaintiffs contend that defendant Wood County Department of Human Services and several of its intake workers should be held liable for failing to prevent A.K.W.N. from killing himself.  Plaintiffs filed the lawsuit in the Circuit Court for Wood County, but defendants removed the case to this court and now have filed a motion for summary judgment, dkt. #46, which is ready for review.

Because the parties rely solely on 28 U.S.C. §§ 1331 and 1367 as a basis for subject matter jurisdiction, the threshold question is whether plaintiffs have any viable federal claims.  Plaintiffs do not argue that defendants violated A.K.W.N.'s right to substantive due

1

process by failing to protect him from a "state-created danger," e.g., Waubanascum v. Shawano County, 416 F.3d 658, 665 (7th Cir. 2005), so I do not consider that issue. (Plaintiffs make a related argument with respect to their negligence claim, but do not suggest that they can meet the more demanding federal standard.) Instead, plaintiffs contend that defendants violated A.K.W.N.'s rights under the equal protection clause and the Americans with Disabilities Act. However, both of these legal theories have obvious defects.

With respect to the equal protection clause, the only theory plaintiffs identified in their complaint was that police officers and other *city* officials had engaged in a more "intensive search" for missing white individuals than they did for A.K.W.N., "who was of African American heritage," when he ran away from the courthouse. Am. Cpt. ¶ 21, dkt. #19. However, neither the city nor any of its employees remain defendants in this case because plaintiffs voluntarily dismissed them. Dkt. ##60 and 61. Although plaintiffs identify a new theory of discrimination against defendant Delo in one of their summary judgment briefs, it is well established that a party may not use a summary judgment submissions to expand the scope of her claims. EEOC v. Lee's Log Cabin, Inc., 546 F.3d 438, 443 (7th Cir. 2008); Grayson v. O'Neill, 308 F.3d 808, 817 (7th Cir. 2002); Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir.1996).

Plaintiffs' claim under the ADA has the same problem. Although plaintiffs mentioned the ADA in their complaint, Am. Cpt. ¶ 2, dkt. #19, they did not allege any facts to support a claim under the Act. For example, they did not explain how they believed any of the defendants discriminated against A.K.W.N. on the basis of a disability. In fact, they did not

2

even identify what A.K.W.N.'s disability may have been. Without those facts, plaintiffs did not give defendants fair notice of their claim or the grounds upon which it rests, as they are required to do under Fed. R. Civ. P. 8.

Even if I overlooked the problems with the complaint, it would not change the outcome because plaintiffs still do not develop a viable claim in their summary judgment materials under the equal protection clause or the ADA. With respect to the equal protection clause, plaintiffs include the following discussion in their brief:

> Jenny Delo testified that the Marcoux foster care home that A.K.W.N. ("A.N.") always ran away from, on occasion twice in one day, was the only foster home that would take him, although there were other foster homes in Wood County, plaintiffs' incomplete file to date, is that A.K.W.N. ("A.N.") appears to be the only black, or biracial child receiving such disparate placement from a statistical analysis test. See Delo, Dep. page 165:
>
> Q. Did you have options after that?
>
> A. Yes.
>
> Q. What were they?
>
> A. Foster care.
>
> Q. With Melissa Marcoux?
>
> A. And checked into others, yes.
>
> Q. Was he placed with other foster homes of any kind?
>
> A. No.
>
> Q. Okay. Why? Why not?
>
> A. They were not willing to accept placement of him.

Plts.' Br., dkt. #53, at 8-9. This testimony may suggest that defendants had difficulty placing

3

A.K.W.N, but plaintiffs do not explain how it shows that any of the defendants discriminated against A.K.W.N. because of his race.

With respect to the ADA, plaintiffs say only that A.K.W.N. "may . . . have been covered under the ADA." Id. at 9. They still do not identify A.K.W.N.'s disability or explain how any of the defendants discriminated against A.K.W.N. because of that disability.

Perhaps recognizing that they have failed to develop either of their federal claims, plaintiffs "request more time for discovery" with respect to both of these claims. Id. at 8-9. However, as the Court of Appeals for the Seventh Circuit has stated many times, summary judgment is the "put up or shut up" moment in litigation when the parties are required to show that they have sufficient evidence to allow a reasonable to jury to find in their favor. Goodman v. National Security Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). If a party believes that she needs more discovery to respond properly to a motion for summary judgment, she must file a motion under Fed. R. Civ. P. 56(d) to alert the court to the problem; she may not bury a request for discovery in a brief. James Cape & Sons Co. v. PCC Construction Co., 453 F.3d 396, 400 (7th Cir. 2006).

Even if I construed plaintiffs' brief as a Rule 56(d) motion, I could not grant them any relief. First, plaintiffs do not explain why the amount of time they had to conduct discovery was inadequate. They do not suggest that defendants have been concealing evidence or have otherwise been uncooperative. Second, when a party asks for a stay on a summary judgment decision so that she may conduct discovery, that party must identify the "specific evidence" she seeks that will support her claim. American Needle Inc. v. National Football League, 538

F.3d 736, 740-41 (7th Cir. 2008); Davis v. G.N. Mortgage Corp., 396 F.3d 869, 885 (7th Cir. 2005); United States v. All Assets & Equipment of West Side Building Corp., 58 F.3d 1181, 1190-91 (7th Cir. 1995). Plaintiffs have not pointed to any specific evidence they wish to uncover or otherwise explained what additional discovery would accomplish.

I note that defendants' opening brief in support of their motion for summary judgment focused on plaintiffs' state law claims because, defendants said, they could not discern the basis for any federal law claims against them. However, after plaintiffs identified their federal law theories in their opposition brief, defendants articulated their objections to those claims in their reply brief. To avoid unfairness, I allowed plaintiffs to respond to defendants' reply brief. Dkt. # 64. Although plaintiffs took the opportunity to file a sur-reply brief, they included no new arguments in it about any federal law claims. Accordingly, I conclude that defendants are entitled to summary judgment with respect to plaintiffs' federal claims.

When all the federal claims in a case have been dismissed, the general rule is that a district court should decline to exercise jurisdiction over any remaining state law claims under 28 U.S.C. § 1367(c)(3). Redwood v. Dobson, 476 F.3d 462, 467 (7th Cir. 2007). Although exceptions to this general rule exist, neither side asks the court to retain jurisdiction over the state law claims in the event the federal claims are dismissed. Because neither side has shown that it would be an efficient use of judicial resources to resolve the state law claims, I am declining to exercise jurisdiction over them.

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants Wood County Department of Human Services, Jenny Delo, Kelly Bragg, Craig Rusmussen and Wisconsin County Mutual Insurance Corp., dkt. #46, is GRANTED with respect to the federal claims of plaintiffs Tina Marie Artz and Estate of A.K.W.N.

2. In accordance with 28 U.S.C. § 1367(c)(3), I decline to exercise supplemental jurisdiction over plaintiffs' state law claims. Those claims are REMANDED to the Circuit Court for Wood County.

3. The clerk of court is directed to enter judgment accordingly and to transmit the file to the Circuit Court for Wood County.

Entered this 10th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge